UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                              Chapter 7

Colin Edwards,                                                                 Case No. 8-12-76528-reg

                    Debtor.
-----------------------------------------------------------X

### NOTICE OF THE TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO SETTLE AN EMPLOYMENT DISCRIMINATION ACTION AND PAY FEES AND EXPENSES TO THE TRUSTEE'S SPECIAL COUNSEL

**PLEASE TAKE NOTICE** that, upon the application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Colin Edwards (the "Debtor"), a hearing will be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge for the Eastern District of New York, 290 Federal Plaza, Courtroom 860, Central Islip, New York 11722, on June 16, 2014, at 9:30 a.m., to consider the Trustee's motion, seeking entry of an Order: (i) authorizing the Trustee to settle an employment discrimination action; (ii) authorizing the Trustee to pay fees and expenses to the Trustee's special counsel; and (iii) granting such other and further relief as the Court deems just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections to the relief requested in the Motion, if any, must: (i) be in writing and state with particularity the legal and factual grounds supporting the objection(s); (ii) be electronically filed with the Bankruptcy Court; and (iii) be served upon Thaler Law Firm PLLC, 675 Old Country Road, Westbury, New York 11590 (Attn: David N. Saponara, Esq.), to be received no later than June 9, 2014, at 5:00 p.m.

Dated: Westbury, New York
       May 16, 2014

                                                THALER LAW FIRM PLLC
                                                *Attorneys for Andrew M. Thaler,*
                                                *Chapter 7 Trustee*
                                                675 Old Country Road
                                                Westbury, New York 11590
                                                Phone: (516) 279-6700
                                                Fax: (516) 279-6722

                                 By:  _/s/ David N. Saponara_
                                                David N. Saponara
                                                dsaponara@athalerlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 7

Colin Edwards,                                                   Case No. 8-12-76528-reg

                Debtor.
-----------------------------------------------------------X

**APPLICATION IN SUPPORT OF THE TRUSTEE'S MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO SETTLE AN EMPLOYMENT DISCRIMINATION ACTION AND PAY FEES AND EXPENSES TO THE TRUSTEE'S SPECIAL COUNSEL**

**TO:   THE HONORABLE ROBERT E. GROSSMAN
        UNITED STATES BANKRUPTCY JUDGE**

        The application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Colin Edwards (the "Debtors"), respectfully represents as follows:

### RELIEF REQUESTED

    1.    This is a contested matter brought pursuant to Rules 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure and section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of an Order: (i) authorizing the Trustee to settle an employment discrimination action; (ii) authorizing the Trustee to pay fees and expenses to the Trustee's special counsel; and (iii) granting such other and further relief as the Court deems just and proper (the "Motion"). A copy of the proposed Order is attached to this Application as Exhibit "A."

### BACKGROUND

    2.    On November 6, 2012 (the "Filing Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

3. On December 31, 2012 (the "Conversion Date"), the Debtor filed a Notice of Voluntary Conversion from Chapter 13 to Chapter 7, voluntarily converting his case from one under chapter 13 of the Bankruptcy Code to one under chapter 7.

4. Following the Conversion Date, the Trustee was appointed as the chapter 7 trustee in the Debtor's case, and is duly qualified and acting as such.

5. After reviewing the Debtor's petition and examining the Debtor at the section 341 meeting of creditors, held on January 30, 2013, the Trustee determined that the Estate had a right, title, and interest in and to an employment discrimination action pending in the United States District Court for the Eastern District of New York, captioned <u>Colin Edwards v. Brentwood Union Free School District, et al.</u>, Civil Case No. 10-cv-05454 (JFB) (the "Edwards Claim").

6. Prior to the Filing Date, the Debtor retained Archer, Byington, Glennon & Levine LLP ("ABGL LLP") to represent him in the Edwards Claim.

7. On November 24, 2010, ABGL LLP commenced the Edwards Claim, alleging that the Debtor was unlawfully denied three job promotions on account of his race and was subjected to a hostile work environment in violation of sections 1981 and 1983 of title 42 of the United States Code.

8. After the Filing Date, the Trustee determined that ABGL LLP should pursue the Edwards Claim on behalf of the Estate.

9. Accordingly, on August 22, 2013, the Trustee filed an Application to Employ ABGL LLP as Special Counsel to the Trustee to represent the Estate in the Edwards Claim. On September 17, 2013, the Court signed and entered an Order granting the Trustee's

Application to Employ ABGL LLP as Special Counsel to the Trustee (the "Retention Order"). A copy of the Retention Order is attached to this Application as Exhibit "B."

10.  Following its retention as special counsel to the Trustee, ABGL LLP continued its prosecution of the Edwards Claim. Specifically, ABGL LLP engaged in extensive discovery, including demanding and reviewing documents, preparing and responding to interrogatories, taking and defending depositions, and addressing discovery disputes.

11.  Additionally, ABGL LLP succeeded on a motion to amend the complaint to assert an additional claim that was uncovered in discovery. ABGL LLP also defeated the defendants' motion for summary judgment.

12.  In preparation of trial, ABGL LLP attended several conferences, prepared a joint pre-trial order and trial exhibits, and drafted proposed jury instructions, voir dire, and a trial brief.

13.  Most recently, as the trial date approached, ABGL LLP negotiated the terms of the proposed settlement with the defendants. In addition to obtaining an offer of $275,000.00, ABGL LLP also procured a promotion for the Debtor with a concomitant wage increase as part of the proposed settlement.

14.  Considering the uncertainties of litigation, the amount offered, and the inclusion of a promotion and wage increase for the Debtor, ABGL LLP has advised the Trustee that, in its opinion, the proposed settlement is fair and reasonable and in the best interests of the Estate. Attached to this Application as Exhibit "C" is the affidavit Robert T. McGovern, Esq., of counsel to ABGL LLP, which explains in detail the reasons underlying ABGL LLP's opinion.

15. Having independently reviewed the Edwards Claim and considered the opinion of ABGL LLP, the Trustee believes that it is in the best interests of the Estate to settle the Edwards Claim for $275,000.

## APPLICATION

16. By this Motion, the Trustee respectfully requests that the Court enter an Order authorizing the Trustee to accept the proposed settlement and to pay special counsel its fees and expenses under the terms of the Retention Order.

### A. Settling the Edwards Claim for $275,000.00 Is Fair and Reasonable and in the Best Interests of the Estate

17. Pursuant to Federal Rule of Bankruptcy Procedure 9019(a), "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." "A bankruptcy court may approve a compromise and settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 if it 'is fair, reasonable and adequately based on the facts and circumstances before the court.'" In re Rosenberg, 419 B.R. 532, 535 (Bankr. E.D.N.Y. 2009) (quoting In re Hibbard Brown & Co., 217 B.R. 41, 45 (Bankr. S.D.N.Y. 1998)).

18. "In determining whether a proposed settlement should be approved, a court must determine whether the settlement is in the best interests of the estate and whether it is 'fair and equitable.'" Id. at 536. The court's responsibility is to "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972)). In making this determination, the court may consider the opinions of the trustee, the parties, and their attorneys, "but must independently evaluate the reasonableness of the settlement." See In re Rosenberg, 419 B.R. at 536.

19. For the reasons set forth above and in the affidavit of Robert T. McGovern, Esq., the Trustee believes that it is fair and reasonable and in the best interests of the Estate to settle the Edwards Claim for $275,000.00.

### B. LK Is Entitled to Compensation Pursuant to Section 330(a) of the Bankruptcy Code and the Terms of the Retention Order

20. ABGL LLP is entitled to compensation for its services as special counsel to the Trustee under section 330(a) of the Bankruptcy Code and the terms of the Retention Order. Specifically, ABGL LLP is entitled to a contingency fee of one-third of the net recovery after deducting the total amount of costs and disbursements.

21. Pursuant to the affidavit of Robert T. McGovern, Esq., ABGL LLP incurred expenses of $5,066.00, leaving a net recovery of $269,934.00. ABGL LLP also requests a one-third contingency fee of $89,978.00, for total compensation of $95,044.00.

22. The proposed compensation to ABGL LLP is consistent with section 330(a) of the Bankruptcy Code and the terms of the Retention Order.

23. Accordingly, the Trustee believes that it is in the best interests of the Estate to settle the Edwards Claim for $275,000.00. The Trustee also recommends approving payment of fees and expenses of $95,044.00 to ABGL LLP for its service as special counsel to the Trustee.

24. In accordance with E.D.N.Y. LBR 9013-1(a), the support for the relief requested in this Motion is set forth in this Application and not in any supporting memorandum of law.

25. The Trustee has not made any prior requests for the relief requested by this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order: (i) authorizing the Trustee to settle of the Edwards Claim for $275,000.00 (ii) authorizing the Trustee to pay fees and expenses to ABGL LLP in the amount of $95,044.00; and (iii) granting such other and further relief as the court deems just and proper.

Dated: Westbury, New York  
      May 16, 2014

THALER LAW FIRM PLLC  
*Attorneys for Andrew M. Thaler,*  
*Chapter 7 Trustee*  
675 Old Country Road  
Westbury, New York 11590  
Phone: (516) 279-6700  
Fax: (516) 279-6722

By: /s/  
David N. Saponara  
dsaponara@athalerlaw.com